IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAY POWELL, | ) | |
| | ) | 2:10-cv-03116-GEB-KJN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER RE: SETTLEMENT AND |
| | ) | DISPOSITION |
| FULTON-EL CAMINO RECREATION & | ) | |
| PARKS DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

_____

        Defendant filed a "Notice of Settlement" on June 8, 2012, in which it states, "the parties have settled this action[, and d]ispositional documents will be filed within (20) calendar days." (ECF No. 13.)

        Therefore, a dispositional document shall be filed no later than June 28, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

        Further, the final pretrial conference scheduled for hearing on June 18, 2012, is continued to commence at 1:30 p.m. on August 27, 2012, in the event no dispositional document is filed, or if this action

is not otherwise dismissed.[1] A joint pretrial statement shall be filed seven (7) days prior to the final pretrial conference.

IT IS SO ORDERED.

Dated:  June 8, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1]     The final pretrial conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).